NO. 07-05-0074-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 30, 2005



______________________________




IN THE MATTER OF N. J. R., A MINOR CHILD



_________________________________



FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY;



NO. J-19073; HONORABLE W. JEAN MEURER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Appellant N.J.R., a juvenile, perfected this appeal to challenge the trial court's order
modifying her probation and committing her to the Texas Youth Commission for an
indeterminate period of time not to exceed the time when she reaches age 21. The
reporter's record was filed on March 9, 2005. By letter dated March 10, 2005, this Court
notified Amalia Rodriguez-Mendoza, the Travis County District Clerk, that the clerk's record
was due on March 3, 2005, but had yet to be filed. The District Clerk was further notified
that in the event the record could not be immediately filed, she was to complete and return
an enclosed form for an extension of time. Ms. Rodriguez-Mendoza did not respond and
the clerk's record remains outstanding. Thus, we now abate the appeal and remand the
cause to the trial court for further proceedings. See Tex. R. App. P. 37.3(a)(1).

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal; 

 2. whether appellant's retained counsel has requested preparation of the
clerk's record and made arrangements to pay; and if so,

 3. when the District Clerk of Travis County anticipates filing the clerk's record
in this Court.

 

The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant does want to continue this appeal, then the trial court shall also take such
measures as may be necessary to assure appellant effective assistance of counsel. Finally,
the trial court shall execute findings of fact, conclusions of law, and such orders as the court
may enter regarding the aforementioned issues, and cause its findings and conclusions to
be included in a supplemental clerk's record. A supplemental reporter's record of the
hearing shall also be included in the appellate record. Finally, the trial court shall file the
supplemental records with the Clerk of this Court by Friday, April 29, 2005.

 It is so ordered.

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.